UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

          Plaintiffs,
v.                            Case No. 8:10-cv-523-T-33AEP

BANK OF AMERICA, N.A.,

          Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Bank of America's Motion to Dismiss Amended Complaint (Doc. # 19), which was filed on April 22, 2010. Plaintiffs filed a Response in Opposition to the Motion on May 7, 2010. (Doc. # 25). For the reasons that follow, the Court will grant the Motion and dismiss.

**I.   Factual Background and Procedural History**

    **A.   The Loan and Waiver of Prepayment Penalty**

On July 26, 2000, Full Spectrum Lending, Inc. loaned Mr. Madura $87,750, secured by the Maduras' Bradenton, Florida home. (Doc. # 17 at ¶¶ 2, 5). The loan document included an arbitration agreement, and Mr. Madura signed it.

After the closing, Full Spectrum assigned the loan to Countrywide. (Doc. # 17 at ¶ 10). In 2001, the Maduras contacted Countrywide and asked to pay off the loan early. (Doc. 17 at ¶ 12). Countrywide sent Plaintiffs a "Payoff Demand" that

1

included a prepayment penalty of approximately $5,000. (Id.) Plaintiffs disputed the penalty and also alleged that Countrywide forged Mr. Madura's initials on the document and fraudulently added the name of a false witness on the document. (Id.) Countrywide's Vice President, Jay Laifman, responded that all the loan documents appeared to be proper, but, nonetheless, agreed to waive the prepayment penalty. (Doc. # 17 at ¶ 15; Ex. J). Plaintiffs sued Countrywide anyway and began litigation that has plagued the federal and state courts for the past eight years.

### B. The State Court Litigation

On May 1, 2002, Plaintiffs filed a complaint against Full Spectrum and Countrywide in Circuit Court in Manatee County (hereafter, "Madura 1"). On August 5, 2002, the state court found that all claims by Mr. Madura were encompassed by the arbitration agreement, that the arbitration agreement was enforceable, and thus, "the claims cannot be litigated judicially."

All appeals from Mr. Madura in Madura 1 were denied or dismissed. Madura v. Full Spectrum Lending, Inc., 972 So.2d 169 (Fla. 2007).

Thereafter, Mr. Madura opted to litigate through his wife, and on July 15, 2003, Mrs. Madura filed an amended complaint against Countrywide (notwithstanding the fact that the Maduras

2

did not arbitrate, despite being ordered to do so). The state court granted summary judgment in favor of Countrywide on June 22, 2005. Plaintiffs filed multiple appeals, including an appeal to to the U.S. Supreme Court, and none were successful. Madura v. Full Spectrum Lending, Inc., 06-9074, 550 U.S. 920 (U.S. Apr. 30, 2007).

On November 6, 2006, Plaintiffs sued Countrywide again, but this time in Federal Court: Madura v. Full Spectrum and Countrywide, 8:06-cv-2073-T-24TBM (hereafter, "Madura 2"). The claims in Madura 1 and Madura 2 were virtually identical. On December 7, 2007, the Honorable Susan C. Bucklew, United States District Judge, dismissed Mr. Madura's claims in favor of arbitration, finding that he was bound by the arbitration agreement. After denying Mr. Madura's multiple, futile attempts to amend the complaint, Judge Bucklew also granted summary judgment in favor of Countrywide on July 22, 2008. On appeal, the Eleventh Circuit affirmed the district court in an opinion issued on October 14, 2009.

After losing on appeal, the Maduras filed multiple unsuccessful motions for rehearing.

## II. **The Present Action (hereafter, "Madura 3")**

Pro se Plaintiffs filed their complaint in state court on January 19, 2010. (Doc. # 2). Defendant removed the case to this Court on the basis of Federal Question jurisdiction because

3

Plaintiffs claim that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1601, et seq. (Doc. # 1).

On April 5, 2010, Plaintiffs filed an Amended Complaint (Doc. # 17), which is the operative complaint in this action. The Amended Complaint contains the following counts:

(1) "Declaratory Judgment under § 86.011, Florida Statute;"

(2) "Alternative Declaratory Judgment as to Mr. Madura;"

(3) "Forgery;"

(4) "Fraudulent Notarization;"

(5) "Violation of § 817/034(4)(b)(1), Florida Communication Act;"

(6) "Intentional Spoliation of the Loan Instruments;

(7) "Intentionally Sending Derogatory and Inaccurate Reports to Credit Bureaus;"

(8) "Utterly of Forged Instruments in the Public Records;"

(9) "Unauthorized Paid Maduras Taxes in Advance O When They Werte Due;"

(10) "RICO" and

(11) "Two Declaratory Judgments Under §§ 86.011, F.S."

Plaintiffs seek punitive damages as well as other damages.

### III. **Defendant's Motion to Dismiss**

Defendant argues that dismissal is warranted because it is not a proper party to this suit.  Specifically, Defendant argues, "This lawsuit . . . [is] nothing more than a rehashing

4

of claims raised in Madura 1 and Madura 2. The fact that the Maduras now bring these same claims against Bank of America simply based on their allegation that Bank of America 'bought' Countrywide in 2008-long after the events giving rise to the instant action – makes this litigation all the more vexatious and frivolous. Bank of America is not liable for any conduct of Countrywide." (Doc. # 19 at 11).

Defendant requests that the Court take judicial notice of the briefs and opinions filed in the Eleventh Circuit, and this Court does so take Judicial Notice, under Fed.R.Evid. 201, of the opinions and briefs.[1] Judicial notice of filings in another action does not convert a motion to dismiss into a motion for summary judgment. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999).

**IV. Analysis**

    A. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth

---

[1] The Eleventh Circuit has held that a court may take judicial notice, under Federal Rule of Evidence 201, of an order rendered by another court, solely for "the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." U.S. v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

5

Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.") However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**B.    Plaintiffs have not pled any claim against Bank of America, and any proffered amendment would be futile.**

It is appropriate to grant the Motion to Dismiss because the amended complaint does not direct a single allegation against Bank of America. Indeed, Bank of America has been sued merely as the parent company of Countrywide; however, Bank of America is not Countrywide's parent company. Nevertheless, even if the Court were to assume arguendo that Bank of America is

6

Countrywide's parent company, "normally, a parent company is not liable for the acts of its subsidiaries." Gillespie v. HSBC, 5-05-cv-362-Oc-10GRJ, 2006 U.S. Dist. LEXIS 68540, at *14 (M.D. Fla. Sept. 25, 2006).

As stated above, on a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Here, there are no allegations to support the complaint counts against Bank of America. Specifically, no factual allegations exist that Bank of America controlled Countrywide at the time of the events giving rise to this action, nor could there be because Bank of America was not affiliated with Countrywide when the facts giving rise to the complaint took place. See Dade County v. Rohr Indus., Inc., 826 F.2d 983, 985 (11th Cir. 1987)("Under the instrumentality theory in Florida, a parent corporation can be held liable for the acts of its wholly owned subsidiaries only if there is proof of improper conduct by the parent in the use of its subsidiary.")

Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Here, the Plaintiffs have not carried their pleading burden, and have instead filed a 74 page complaint based on nothing more than mere speculation.

7

In sum, the amended complaint rests on allegations that cannot give rise to liability because Bank of America cannot be held liable for Countrywide's alleged wrongdoing. This is enough to dismiss this action with prejudice. Nevertheless, the Court will also briefly discuss another, equally conclusive, basis for the dismissal of this suit: res judicata.

**C.     Res Judicata Bars this Action.**

Each and every claim that has been advanced in this action against Bank of America has been addressed and finally adjudicated by the Manatee County Circuit Court in Madura 1 and the present court by Judge Bucklew in Madura 2. The appellate process in those cases has run its course.

The doctrines of claim and issue preclusion prohibit re-litigating claims when another court has adjudicated the merits involving the same claim and parties. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003). Of course, Bank of America was not a party to the Madura 1 and Madura 2 proceedings, but that is not dispositive here because, as argued by Defendant, "The Maduras' attempt to avoid the doctrines of claim and issue preclusion by suing Bank of America in place of Countrywide is blatant vexatious litigation. The Maduras have simply taken the exact claims they made against Countrywide and filed them against Bank of America speculating that it acquired Countrywide. If Countrywide could not be sued for these claims

8

again, then, obviously, neither could its affiliate, Bank of America." (Doc. # 19 at 13-14).

This Court also agrees with the following analysis provided in Bank of America's motion to dismiss:

> The Maduras suggest Bank of America is liable for the acts of Countrywide based on an alter-ego theory. But, if Bank of America is the alter ego of Countrywide, then Bank of America and Countrywide would be in privity and res judicata applies. See Hart v. Yamaha-Parts Distributors, Inc., 787 F.2d 1468, 1473 (11th Cir. 1986). The Maduras cannot have it both ways –- they cannot argue that Bank of America is liable for the acts of Countrywide and at the same time argue that they can file this case because it is against a different party.

(Doc. # 19 at 14).

Further, it is obvious that the present claims arise out of the same nucleus of operative fact, or are based on the same factual predicate. In re Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001). This Court relies on Saboff v. St. Johns's River Water Mgmt Dist., 200 F.3d 1356, 1359-60 (11th Cir. 2000), which held that a prior state claim precluded a subsequent federal claim under claim preclusion principles despite minor distinctions between the state and federal claims. The court determined there, as this court does here, that the underlying facts in the state case are identical to the ones asserted in this case.

Thus, the Court grants the motion to dismiss. In addition, the Court finds that any proposed amendment of the complaint

would be both futile and vexatious. Therefore, the Court determines that dismissal of the complaint will be with prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Bank of America's Motion to Dismiss Amended Complaint (Doc. # 19) is **GRANTED.**

(2) This action is **DISMISSED WITH PREJUDICE.** The Clerk is directed to terminate all pending motions and deadlines and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of July 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record