```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                             DIVISION
```

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

               Plaintiffs,
vs.                                   Case No. 8:10-cv-523-T-33AEP

BANK OF AMERICA,

               Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the Maduras' "Rule 60(b)(2)(3)(6) Motion for Relief from July 16, 2010 Final Judgment" (Doc. # 76), which was filed on October 15, 2013. Bank of America filed a Response in Opposition to the Motion on November 8, 2013. (Doc. # 78). For the reasons that follow, the Motion is denied.

**I.   Background**

The Maduras initiated the present action in state court. Because the Maduras asserted that Bank of America violated the Truth in Lending Act, 15 U.S.C. § 1601, et seq., as implemented by Regulation Z, 12 C.F.R. § 226, et seq. (TILA), Bank of America removed the action on February 25, 2010, predicating jurisdiction on the presentation of a federal question. (Doc. # 2). On July 16, 2010, the Court dismissed this action with prejudice. (Doc. # 51). The Maduras filed an

appeal. The Eleventh Circuit issued an Order characterizing the appeal as frivolous and denying the Maduras' request to proceed in forma pauperis on appeal. (Doc. # 71). Thereafter, on June 24, 2011, the Eleventh Circuit dismissed the appeal for want of prosecution. (Doc. # 74).

At this juncture, the Maduras seek relief from the Court's Order dismissing this action with prejudice pursuant to Rule 60(b)(2), (3), and (6), Fed. R. Civ. P.

**II. Discussion**

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
. . . .
(2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
. . .
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion for relief from judgment must be made "within a reasonable time" and if predicated upon subsections 1-3, must be made within one year of the Order in question. Fed. R. Civ. P. 60(c)(1). Because the Maduras seek relief pursuant to subsections 2 and 3 several years after the entry of the

Court's July 16, 2010, Order, such requests for relief are time barred. However, the Court will examine the Maduras' requests under Rule 60(b)(6), Fed. R. Civ. P.

Rule 60(b)(6) has been described as "the catch-all ground," Hartge v. Crosby, No. 8:02-cv-1254-T-30TGW, 2008 U.S. Dist. LEXIS 12556, at *3 (M.D. Fla. Feb. 20, 2008), an "umbrella provision," Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984), and "a grand reservoir of equitable power to do justice." Id. Rule 60(b)(6) provides an avenue for relief for "any other reason that justifies relief." Id. In seeking redress pursuant to Rule 60(b)(6), the Maduras have the burden of showing that, absent relief from the Court's Order, an extreme and unexpected hardship will result. Id. In Griffin, the court cautioned against reopening final judgments "lightly," explaining: "The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." Id.

As stated in Crapp v. City of Miami Beach Police Department, 242 F.3d 1017, 1020 (11th Cir. 2001), "Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." The Maduras have not demonstrated exceptional circumstances warranting relief from the Court's Order dismissing this action with prejudice. Furthermore, the Maduras' Motion was

filed more than three years after the entry of the Order in question. "It seems clear that time is relevant. The longer the delay the more intrusive is the effort to upset the finality of the judgment." Ritter v. Smith, 811 F.2d 1398, 1402 (11th Cir. 1987). "It is for the public good that there be an end of litigation." Waddell v. Hemerson, 329 F.3d 1300, 1309 n.11 (11th Cir. 2003). The Maduras have not presented extraordinary circumstances warranting relief pursuant to Rule 60(b)(6). The lengthy passage of time coupled with the patent frivolity of their request mandates the denial of the Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Maduras' Rule 60(b)(2)(3)(6) Motion for Relief from July 16, 2010 Final Judgment (Doc. # 76) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of November, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record