UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZEJ MADURA, *et al.*,

    Plaintiffs,

v.                                            Case No. 8:10-cv-523-T-33AEP

BANK OF FLORIDA, N.A.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiffs' Request to Proceed *In Forma Pauperis* on Appeal and supporting affidavits (Dkt. Nos. 82, 83, 84). Plaintiffs, proceeding *pro se*, initiated this action alleging a variety of violations purportedly against Defendant relating to various transactions (Dkt. No. 2). The Court subsequently granted Defendant's Motion to Dismiss and dismissed the action without prejudice (Dkt. Nos. 19, 51). Following a flurry of motions filed by Plaintiffs, each of which the Court denied, Plaintiffs sought to appeal the dismissal of this action and the denial of Plaintiffs' request to alter or amend the judgment (Dkt. No. 65). In addition, Plaintiffs sought to proceed *in forma pauperis* on appeal (Dkt. Nos. 66, 67). Upon consideration of Plaintiffs' initial request to proceed *in forma pauperis* on appeal, the Court determined that Plaintiffs failed to present a legal issue that was arguable on its merits and, therefore, determined their appeal was not taken in good faith (Dkt. Nos. 68, 70). Accordingly, the Court denied Plaintiffs' request to proceed *in forma pauperis* on appeal and certified that the appeal was not taken in good faith (Dkt. No. 70).

Following that, while on appeal, the Eleventh Circuit similarly determined that Plaintiffs' appeal was frivolous and denied Plaintiffs' request to proceed *in forma pauperis* thereby requiring them to pay the proper filing fee (Dkt. No. 71).  Plaintiffs failed to pay the filing fee and, as a result, their appeal was subsequently dismissed for want of prosecution (Dkt. No. 74).  After having their frivolous appeal dismissed, Plaintiffs then attempted to seek relief in this Court.  Most recently, Plaintiffs filed a "Rule 60(b)(2)(3)(6) Motion for Relief from July 16, 2010 Final Judgment" (Dkt. No. 76).  After consideration of Plaintiffs' Motion, the Court denied Plaintiff's request noting that "[t]he lengthy passage of time coupled with the patent frivolity of their request mandates denial of the Motion" (Dkt. No. 79).  Plaintiff now seeks to appeal that Order (Dkt. No. 80) and to again proceed *in forma pauperis* on appeal (Dkt. No. 82).

Pursuant to Rule 24(a), Federal Rules of Appellate Procedure, a party in a district-court action seeking to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal.  Fed. R. App. P. 24(a)(1)(A)-(C). As with a request to proceed in a district-court action *in forma pauperis*, a court considering a request to proceed on appeal *in forma pauperis* must keep in mind its mandate to dismiss a case at any time if it determines the action or appeal is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  A claim on appeal is frivolous, and thus not brought in good faith, if it is "'without arguable merit either in law or fact.'"  *Ghee v. Retailers Nat'l Bank*, 271 Fed. App'x 858, 859-60 (11th Cir. 2008) (*per curiam*) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In this context, "good

faith" is judged by an objective standard and is shown when a party seeks appellate review of any issue not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Where a court certifies in writing that the appeal is not taken in good faith, a party may not appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Here, both this Court and the Eleventh Circuit have previously denied Plaintiffs' request to proceed *in forma pauperis* given the frivolous nature of Plaintiffs' claims. Indeed, as the Court noted in its most recent Order denying the "Rule 60(b)(2)(3)(6)" Motion, Plaintiffs again seek to assert frivolous claims on appeal. As such, Plaintiffs' request to proceed *in forma pauperis* on appeal should be denied, and the Court should certify that Plaintiff's appeal is not taken in good faith. Accordingly, it is hereby

RECOMMENDED:

1.  Plaintiffs' Request to Proceed *In Forma Pauperis* on Appeal (Dkt. No. 82) be DENIED.

2.  The Court certify that Plaintiff's appeal is not taken in good faith.

3.  The Clerk notify the Eleventh Circuit that the motion to proceed *in forma pauperis* is denied and that the appeal is not taken in good faith in accordance with Rule 24(a)(4)(B), Federal Rules of Appellate Procedure.

IT IS SO REPORTED in Tampa, Florida, this 13th day of December, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*


Copies furnished to:
Hon. Virginia M. Covington
Plaintiffs, *pro se*